# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRUCE K. PERRY,

    Plaintiff,

vs.

CHASE AUTO FINANCE and JP MORGAN CHASE BANK, NA,

    Defendants.

Case No. 17-10017

Honorable George Caram Steeh

Magistrate David R. Grand

---

Sheldon L. Miller (P17785)
Law Office of Sheldon L. Miller, P.C.
Attorney for Plaintiff
31731 Northwestern Hwy., Suite 280W
Farmington Hills, MI 48334
(248) 538-3400 / (248) 538-5280
Slm1936@aol.com /
ccole@sheldonmiller.com

Samantha L. Walls (P75727)
Counsel for JPMorgan Chase Bank, N.A.
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0700
Facsimile: (248) 203-0763
swalls@dykema.com

---

## **ANSWER TO FIRST AMENDED COMPLAINT**

    NOW COMES Defendant JPMorgan Chase Bank, N.A., incorrectly sued here as Chase Auto Finance and JPMorgan Chase Bank, N.A., by and through its counsel, Dykema Gossett PLLC, and answers Plaintiff's Complaint as follows:

## COUNT 1- COMMON ELEMENTS

1. Plaintiff BRUCE PERRY is a resident of the City of Redford Township, County of Wayne, State of Michigan.

ANSWER: Chase lacks knowledge and or information sufficient to form a belief as to the truth of the allegations of the Paragraph, and therefore denies the same as untrue.

2. Defendant, CHASE AUTO FINANCE is a corporation doing business in the County of Wayne, State of Michigan.

ANSWER: Denied as untrue. Chase is a nationally chartered bank which properly conducts business in the State of Michigan. Chase denies as untrue any allegations in this Paragraph inconsistent with the prior sentence.

3. Defendant, JP MORGAN CHASE. BANK, NA is a corporation doing business in the County of Wayne, State of Michigan.

ANSWER: Denied as untrue. Chase is a nationally chartered bank which properly conducts business in the State of Michigan. Chase denies as untrue any allegations in this Paragraph inconsistent with the prior sentence.

4. Subject matter jurisdiction is proper because the amount in controversy does exceed Seventy-Five Thousand ($75,000.00) and the subject matter of this litigation is otherwise within the jurisdiction of this Honorable Court.

ANSWER: The allegations of this Paragraph constitute a legal conclusion to which no response is required from Chase.

5. That Plaintiff purchased a 2011 Mercedes automobile and financed it with Chase Auto Finance and/or J.P. Morgan Chase Bank, NA financing his vehicle in September 2014 for approximately $35,000.00.

ANSWER: Chase admits only that on or about August 21, 2014, Chase provided Plaintiff a loan in the amount of $34,809.70 for the purchase of a 2011 Mercedes Benz automobile. Chase denies as untrue any allegations in this Paragraph inconsistent with the prior sentence.

6. That from September 2014 until May 2016 Plaintiff made all his payments timely and had lowered the balance to $23,108.06.

ANSWER: Upon information and belief, admitted.

7. That in May 2016 the Plaintiff offered his vehicle for sale and made an oral agreement over a telephone conversation to sell the vehicle to a Vance. Cumberland of Ohio for $40,000.00 giving Cumberland his account number so that Cumberland could deposit the $40,000.00 into Plaintiff's account with Defendants, paying off the lien and putting Plaintiff in line to be paid the difference of $16,891.94.

ANSWER: Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore denies the same as untrue.

8. That on or before May 16, 2016 "Van Cumberland" deposited a check for $40,000 with Chase Auto Finance which would have paid off Plaintiff s outstanding auto loan and entitling Plaintiff to over $16,000 in excess of the outstanding loan.

ANSWER: Chase admits only that it received a check purportedly from "Vance Cumberland" dated May 13, 2016, in the amount of $40,000 which, had it ultimately been accepted for deposit, would have been sufficient to pay off the outstanding auto loan. Chase denies as untrue that the check was deposited, and therefore denies as untrue that Plaintiff was entitled to a refund of any amount.

9. That on May 23, one full week after the check was deposited with Chase, Chase Auto Finance sent a letter to Plaintiff acknowledging the check and that they were releasing their lien on the vehicle.

ANSWER: Chase admits only that, on or about May 23, 2016, Plaintiff was mailed a letter in which Chase acknowledged receipt of the check, and advised Plaintiff that he would be alerted via letter when the lien on the vehicle had been released. Chase denies as untrue any allegations in this Paragraph inconsistent with the prior sentence.

4

10. That on May 23, the Plaintiff called Chase and received verbal confirmation that the lien on the vehicle had been released and that he was in line for a refund.

ANSWER: Chase admits only that it received a call from Plaintiff on or about May 23, 2016, in which Plaintiff was advised that the loan had been paid, a lien release would be sent to the address on file for Plaintiff, and that any refund would be sent within ten business days. Chase denies any allegations inconsistent with the prior sentence as untrue.

11. That on May 27, Plaintiff again called Chase and received the same confirmation of the release of the lien and that he was in line for a refund of over $16,000.00.

ANSWER: Chase admits only that it received a call from Plaintiff on or about May 27, 2016, in which Plaintiff was advised that a lien release had been mailed via regular mail, and that any refund Plaintiff may have been owed would be mailed out within ten business days of May 25, 2016.

12. That based on the above, on May 29 Plaintiff met "Vance Cumberland" at Chase Bank and delivered the title and keys to the vehicle.

ANSWER: Chase lacks knowledge or information sufficient to form a belief as to the allegations of this Paragraph, and therefore denies the same as untrue.

13. That on May 31, Plaintiff entered the Chase Bank on Grand River and Fenkell and received proof of payment confirmation letter from the branch manager.

ANSWER: Upon information and belief, Plaintiff was provided a payment in full letter on May 31, 2016. Chase's investigation of the remaining allegations of this Paragraph remains ongoing, and it therefore denies the same as untrue.

14. That on June 3 Plaintiff again called the bank inquiring about his refund and was told that the $40,000.00 check was declined.

ANSWER: Upon information and belief, admitted.

## COUNT II—DETRIMENTAL RELIANCE

15. That Plaintiff incorporates and adopts by reference, paragraphs 1 through 14 of this. Complaint as if the same were fully set forth, paragraph by paragraph, herein.

ANSWER: Chase hereby incorporates all prior answers, as if fully restated herein.

16. That relying on verbal and written correspondence from Chase that the $40,000.00 transaction had gone through and that the lien on his vehicle had been released and that lie was in line to get a refund of over $16,000.00, Plaintiff

gave the car with title and keys over to "Vance Cumberland" and has lost that vehicle forever.

ANSWER: Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and therefore deny the same as untrue.

## COUNT. III: CONVERSION

17. That Plaintiff incorporates and adopts by reference, paragraphs 1 through 16 of this Complaint as if the same were fully set forth, paragraph by paragraph, herein.

ANSWER: Chase hereby incorporates all prior answers as if fully restated herein.

18. Plaintiff sold his vehicle for $40,000 which money was deposited in Defendants' accounts.

ANSWER: Chase denies that any money was deposited in its accounts, as the check was returned unpaid by the issuing bank. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore denies the same as untrue.

19. That instead of giving the Plaintiff credit for the outstanding balance of his vehicle plus the refund of the excess, Defendants have kept that money and continue to charge Plaintiff as if payment had never been made.

ANSWER: Denied as untrue.

20. That Defendants converted Plaintiffs assets and are liable for triple damages.

ANSWER: Denied as untrue.

## COUNT IV: FRAUD

21. That Plaintiff incorporates and adopts by reference, paragraphs 1 through 20 of this Complaint as if the same were fully set forth, paragraph by paragraph, herein.

ANSWER: Chase hereby incorporates all prior answers as if fully restated herein.

22. That the oral and written statements to Plaintiff that the lien on his vehicle had been discharged and that he was in line for a refund of over $16,000 were fraudulent subjecting Defendant to payment of triple damages.

ANSWER: Denied as untrue.

## COUNT V: NEGLIGENCE

23. That Plaintiff incorporates and adopts by reference, paragraphs 1 through 22 of this Complaint as if the same were fully set forth, paragraph by paragraph, herein.

ANSWER:  Chase hereby incorporates all prior answers as if fully restated herein.

24. Defendants owed a duty to Plaintiff to ensure that the funds had definitely cleared before they represented to Plaintiff that fact.

ANSWER:  Denied as untrue.

25. Instead, Defendants did just the opposite. Incorrectly informing Plaintiff that the funds had cleared, depositing the funds into Plaintiff's account, and sending Plaintiff a letter indicating the loan had been paid off, when in fact they hadn't.

ANSWER:  Chase admits only that it advised Plaintiff that the loan had been paid and that a lien release would be sent to the address on file for Plaintiff.  Chase denies any remaining allegations of this paragraph as untrue.

26. Plaintiff, having received the clear from Defendants, hands over his vehicle to the phony buyer.

ANSWER: Chase lacks knowledge or information sufficient to form a belief as to the allegations of this Paragraph, and therefore denies the same as untrue.

27. That Defendants knew, or should have known, that Plaintiff would rely on the information provided to Plaintiff, and Plaintiff did in-fact rely on such information.

ANSWER: Denied as untrue.

28. That in-fact, Plaintiff's loan was not paid-off, and Plaintiff has had to continue making payments on the loan, after having handed the car off to the phony buyer.

ANSWER: Chase admits only that the loan account remains open, and remains governed by any and all contractual rights and responsibilities owed to or by Plaintiff, per the terms of his loan agreement. Chase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same as untrue.

29. That as a result of Defendants negligence Plaintiff has suffered mental anguish.

ANSWER: Denied as untrue.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims against Chase are barred in whole or in part because the relevant check was rejected by the issuing bank and therefore not accepted for deposit by Chase.

2. Plaintiff's claims against Chase are barred in whole or in part by waiver, estoppel, laches, ratification, and unclean hands.

3. Plaintiff's claims against Chase are barred in whole or in part by the existence of relevant contracts.

4. Plaintiff's claims against Chase are barred in whole or in part by Plaintiff's failure to mitigate his damages.

5. Plaintiff's claims against Chase are barred in whole or in part by release.

6. Plaintiff's damages, if any, were caused by his own negligence, acts and/or inactions and/or the negligence, acts and/or inactions of others, and his damages, if any, were not proximately caused by any actions or inactions of Chase.

7. Any damages alleged by Plaintiff were the result of superseding and/or intervening causes or were caused or contributorily caused by the negligence and/or fault of others over whom Chase had no control, and such negligence and/or fault should be compared, thereby reducing or completely barring Plaintiff's alleged right to recover against Chase.

8. Chase acted in good faith, in a commercially reasonable manner, and consistent with the requirements of the law, any relevant agreements, and the parties' course of performance.

9. Plaintiff's claims are barred by the parol evidence rule.

10. To the extent Plaintiff establishes that Chase violated the law, if at all, such violations were due to bona fide errors or omissions, were otherwise unintentional notwithstanding the maintenance of procedures reasonably adopted to avoid them, and Chase acted in good faith at all times.

11. Plaintiff's claims for damages are barred, in whole or in part, because the alleged damages, if any, are speculative, uncertain, and impossible to ascertain or allocate, and because some or all of the damages claimed by Plaintiff are not recoverable under applicable law.

12. Plaintiff's claims are barred in whole or in part because some or all of the alleged statements forming the basis of Plaintiff's claims are statements of opinion.

13. Plaintiff claims are barred or mitigated because the alleged actions taken by Chase were made in good faith and with justification.

14. Plaintiff's claims are barred in whole or in part because Chase owed no duty to Plaintiff outside of their contractual relationship.

## RESERVATION OF RIGHT

Chase hereby reserves its right to file such amended Answer(s) and/or such additional Defenses as may be appropriate upon completion of its investigation and discovery.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Samantha L. Walls
Samantha L. Walls (P75727)
Attorneys for JPMorgan Chase Bank, N.A.
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
swalls@dykema.com

Dated: July 5, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, my assistant filed the foregoing document using the ECF system, which will send copies of said filing to all parties of record.

/s/ Samantha L. Walls
Samantha L. Walls
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
P75727

4850-4695-7899.1
ID\WALLS, SAMANTHA - 008241\001881