UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PERRY,

    Plaintiff,

vs.

    Case No. 17-10017
    HON. GEORGE CARAM STEEH

CHASE AUTO FINANCE and
JP MORGAN CHASE BANK, NA,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND (DOC. 21)

Plaintiff Bruce Perry filed a complaint against defendants Chase Auto Finance and JP Morgan Chase Bank, NA, in Wayne County Circuit Court on December 7, 2016. Plaintiff brought three claims allegedly arising out of the parties interactions regarding the defendants' lien on plaintiff's vehicle; detrimental reliance, conversion, and fraud. Defendants removed the case to federal court on January 4, 2017. (Doc. 1). Plaintiff amended his complaint to add a negligence claim on June 21, 2017. (Doc. 12). Defendants filed a motion for summary judgment on October 30, 2017. (Doc. 17). Plaintiff filed a response on November 20, 2017. (Doc. 18). Plaintiff acknowledged defendants' arguments regarding detrimental reliance, conversion, and fraud, stipulated that he could not recover an

- 1 -

amount over $75,000 and stated that he waives any claim for any amount over $75,000. (Doc. 18-1 at PageID 235). Plaintiff asserted that the amount in controversy "is no longer sufficient" for jurisdiction and noted that he would bring a motion asking the Court to "decline supplemental jurisdiction over the remaining state law claim for negligence or negligent misrepresentation." (*Id.*). This matter is presently before the Court on plaintiff's subsequent motion to remand. For the reasons stated below, plaintiff's motion is DENIED

Defendants in a civil action brought in state court may remove the action to federal district court if the federal court has original jurisdiction. 28 U.S.C. § 1441. Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states. 28 U.S.C. § 1332(a).

"[D]etermination of federal jurisdiction is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). As such, "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Id.* at 872. "[A] post-removal stipulation, reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Id.*

At the time of removal, plaintiff's complaint included a claim for conversion, which provides for triple damages and attorney fees. Plaintiff admits that, on the basis of this claim alone, the amount in controversy at that time exceeded $75,000. (Doc. 21 at PageID 285). Moreover, the parties are diverse. As such, the elements of 28 U.S.C. § 1332(a)(1) were satisfied at the time of removal. Pursuant to *Rogers*, plaintiff's subsequent stipulation and waiver do not oust jurisdiction. Plaintiff's motion to remand is, therefore, DENIED.

IT IS SO ORDERED.

Dated: January 11, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 11, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk