UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE K. PERRY,

        Plaintiff,

                                                  Case No. 17-10017

vs.                                    HON. GEORGE CARAM STEEH

CHASE AUTO FINANCE and
JP MORGAN CHASE BANK, N.A.,

        Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DOC. 17) AND
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
<u>FILE SECOND AMENDED COMPLAINT (DOC. 22)</u>

Plaintiff Bruce K. Perry brings various tort claims against defendants JP Morgan Chase Bank, N.A. and Chase Auto Finance (hereinafter collectively referred to as Chase). This matter is presently before the Court on Chase's motion for summary judgment, (Doc. 17), and Perry's motion for leave to file a second amended complaint, (Doc. 22). Pursuant to Local Rule 7.1(f)(2), the Court shall rule without oral argument. For the reasons stated below, Chase's motion is GRANTED and Perry's motion is GRANTED.

## I. Background

In August 2014, Perry obtained a $34,809.70 loan from The Auto Place, Inc. to purchase a 2010 Mercedes-Benz S550. The terms of the loan and the parties' respective obligations are stated in a Retail Installment Sales Contract (the RISC). (Doc. 17-2). Pursuant to the RISC, Perry agreed to pay the sum owed under the contract "even if the vehicle is damaged, destroyed, or missing." (Doc. 17-2 at PageID 116). Perry further agreed not to "sell, rent, lease, or transfer any interest in the vehicle" without written permission from The Auto Place, Inc. (Doc. 17-2 at PageID 116). The Auto Place, Inc. thereafter transferred its interest in the RISC to Chase.

In May 2016, Perry listed the vehicle for sale on Craigslist. (Doc. 17-3 at PageID 119). At this time, Perry owed approximately $24,000 on the loan. Perry did not advise Chase of his intent to sell the vehicle. (Doc. 17-4 at PageID 137). He ultimately agreed to sell the vehicle to an individual identifying himself as Desmond Moore. (Doc. 17-3 at PageID 119). Moore was to send a check for $40,000 directly to Chase.

On or about May 17, 2016, Chase received a personal check purportedly drawn from an USAA Federal Savings Bank account held in the name of Vance Cumberland. (Doc. 17-5 at PageID 187; 17-6 at PageID

189). On May 23, 2016, Chase sent Perry a letter congratulating him on "paying off [his] account with [Chase]." (Doc. 17-6 at PageID 189). Chase acknowledged Perry's "final payoff amount of $40,000.00 was received on Tuesday, May 17, 2016." (*Id.*). Chase released its lien on the vehicle on May 23, 2016. (Doc. 17-7 at PageID 191).

Perry alleges that he relied on this information when he delivered the vehicle's title and keys to Vance Cumberland on May 29, 2016. (Doc. 12 at PageID 67).

On or about June 1, 2016, USAA Federal Savings Bank returned the check to Chase as altered or fictitious. (Doc. 17-8 at PageID 199). On June 2, 2016, Chase notified Perry that the check had been returned by USAA Federal Savings Bank and that Perry's loan account had been reopened. (Doc. 17-9 at PageID 205).

Perry filed this civil action in Wayne County Circuit Court on December 7, 2016. (Doc. 1-1 at PageID 13). He raised three claims; detrimental reliance, conversion, and fraud. (Doc. 1-1 at PageID 11-12). On June 21, 2017, the parties stipulated to allow Perry to file an amended complaint that added a negligence claim. (Doc. 11). Perry filed his first amended complaint on June 21, 2017. (Doc. 12).

Chase filed a motion for summary judgment on October 30, 2017. (Doc. 17). In his response, filed on November 20, 2017, Perry seemed to request that the Court remand a negligent misrepresentation claim to Wayne County Circuit. His brief began with the following:

### STIPULATION AND WAIVER OF THEORIES OF RECOVERY

> Plaintiff acknowledges Defendant's argument on detrimental reliance, conversion, and fraud. Plaintiff also acknowledges and stipulates that he cannot recover an amount over $75,000; he waives any claim for an amount over $75,000. The amount in dispute is no longer sufficient for this Court's jurisdiction. 28 U.S.C.A. § 1332(a). Now, this Court may decline to supplemental jurisdiction over the remaining state law claim for negligence or negligent misrepresentation. See *Bergeron v. Busch*, 228 Mich.App. 618, 620, 579 N.W.2d 124 (1998); *Pierson Sand and Gravel, Inc. v Keeler Brass Co.*, 460 Mich. 372, 378-379, 596 N.W.2d 153 (1999). Plaintiff will bring a motion to that effect.

(Doc. 18-1 at PageID 235). On December 4, 2017, Perry filed a motion to remand, (Doc. 21), and a motion for leave to file a second amended complaint, (Doc. 22). Chase filed response briefs in opposition to both motions. (Doc. 26 and 27). The Court denied Perry's motion to remand on January 11, 2018. (Doc. 30).

## II. Summary Judgment

**A. Legal Standard**

Federal Rule of Civil Procedure 56(c) empowers a court to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc) (citing Fed. R. Civ. P. 56(c)). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. There must instead be evidence from which a jury could reasonably find for the non-movant. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (2000) (citing *Anderson*, 477 U.S. at 252).The evidence and all reasonable inferences must be construed in the light most favorable to

the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

**B. Analysis**

**1. Counts II-IV**

"[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, 878 F.2d 382, 382 (6th Cir. 1989). Chase moved for summary judgment on Perry's claims for detrimental reliance, (Count II), conversion, (Count III), and fraud, (Count IV). (Doc. 17 at PageID 101-07). In his response, Perry "acknowledge[d] he has no cause of action for detrimental reliance, conversion, or fraud." (Doc. 18-1 at PageID 234). The Court deems Perry to have waived opposition to Chase's motion for summary judgment on these counts. Chase's motion is granted as it pertains to Counts II, III, and IV.

**2. Count V**

The final claim in the Amended Complaint is "Count V: negligence." (Doc. 12 at PageID 69). "The requisite elements of a negligence cause of action are that the defendant owed a legal duty to the plaintiff, that the defendant breached or violated the legal duty, that the plaintiff suffered

damages, and that the breach was a proximate cause of the damages suffered." *Schultz v. Consumers Power Co.*, 443 Mich. 445, 449 (1993).

Chase argues that it did not owe Perry any duty outside of those contained in the RISC. Perry asserts that Chase owed him "a duty of due care" pursuant to Michigan Compiled Laws §§ 440.4202 and 440.4214. (Doc. 18-1 at PageID 248). Mich. Comp. Laws § 440.4202 states:

> (1) A collecting bank must exercise ordinary care in all of the following:
>
> (a) Presenting an item or sending it for presentment.
>
> (b) Sending notice of dishonor or nonpayment or returning an item other than a documentary draft to the bank's transferor after learning that the item has not been paid or accepted, as the case may be.
>
> (c) Settling for an item when the bank receives final settlement.
>
> (d) Notifying its transferor of any loss or delay in transit within a reasonable time after discovery thereof.
>
> (2) A collecting bank exercises ordinary care under subsection (1) by taking proper action before its midnight deadline following receipt of an item, notice, or settlement. Taking proper action within a reasonably longer time may constitute the exercise of ordinary care, but the bank has the burden of establishing timeliness.
>
> (3) Subject to subsection (1)(a), a bank is not liable for the insolvency, neglect, misconduct, mistake, or default of another bank or person or for loss or

> destruction of an item in the possession of others or in transit.

A collecting bank is defined as "a bank handling the item for collection except the payor bank." Mich. Comp. Laws § 440.4105(e). A payor bank is "a bank that is the drawee of a draft." Mich. Comp. Laws § 440.4105(c). Chase asserts that it "was not the drawee, depository, nor payor bank" but rather merely a lienholder until it submitted the check for payment by USAA. (Doc. 23 at PageID 295-96). Upon submitting the check, however, Chase appears to qualify as a collecting bank. Out of an abundance of caution for the non-moving party, the Court shall proceed as if Chase is a collecting bank.

If Chase has a duty of ordinary care under Mich. Comp. Laws § 440.4202, its negligence liability under this statute is limited to breaching a duty defined by Mich. Comp. Laws § 440.4202(1). Perry does not specify which enumerated action Chase failed to execute with ordinary care. Mich. Comp. Laws § 440.4202(2) states that "[a] collecting bank exercises ordinary due care under subsection (1) by taking proper action before its midnight deadline following receipt of an item, notice, or settlement." A bank's midnight deadline is "midnight on its next banking day following the banking day on which it receives the relevant item or notice or from which the time for taking action commences to run, whichever is later." Mich.

Comp. Laws § 440.4101(1)(j). An "item" is "an instrument or a promise or order to pay money handled by a bank for collection or pay. The term does not include a payment order governed by article 4a or a credit or debit card slip." Mich. Comp. Laws § 440.4104(1)(i). "Notice" appears to refer to a notice of dishonor, *see* Mich. Comp. Laws § 440.4104(3), which is defined as a communication that "reasonably identifies the instrument and indicates that the instrument has been dishonored or has not been paid or accepted." Mich. Comp. Laws § 440.3503(2). Finally, the definition of settlement may be ascertained from Mich. Comp. Laws § 440.4104(1)(k), which defines "settle" as "to pay in cash, by clearing-house settlement, in a charge or credit or by remittance, or otherwise as agreed. A settlement may be either provisional or final."

Perry does not provide any evidence to create a genuine issue of material fact on whether Chase failed to exercise ordinary care under Mich. Comp. Laws § 440.4202(2). To the contrary, the record reflects that Chase complied with its duty under this statute. On June 1, 2017, USAA notified Chase that the check was marked fictitious/altered. (Doc. 17-8 at PageID 199). The next day, Chase sent Perry a letter notifying him that the $40,000 check was returned and payment was reversed. (Doc. 17-9 at PageID 205). Chase appears to have taken proper, timely action following

notification from USAA. The Court concludes that even if Chase owed Perry a duty under Mich. Comp. Laws § 440.4202, there is no genuine issue of material fact on whether the duty was breached.

Michigan Compiled Laws § 440.4214 states:

> (1) If a collecting bank has made provisional settlement with its customer for an item and itself fails by reason of dishonor, suspension of payments by a bank or otherwise to receive a settlement for the item which is or becomes final, the bank may revoke the settlement given by it, charge back the amount of any credit given for the item to its customer's account or obtain refund from its customer whether or not it is able to return the items if by its midnight deadline or within a longer reasonable time after it learns the facts it returns the item or sends notification of the facts. If the return or notice is delayed beyond the bank's midnight deadline or a longer reasonable time after it learns the facts, the bank may revoke the settlement, charge back the credit, or obtain return from its customer, but it is liable for any loss resulting from the delay. These rights to revoke, charge-back and obtain refund terminate if and when a settlement for the item received by the bank is or becomes final.
>
> (2) A collecting bank returns an item when it is sent or delivered to the bank's customer or transferor or pursuant to its instructions.
>
> (3) A depositary bank that is also the payor may charge-back the amount of an item to its customer's account or obtain refund in accordance with the section governing return of an item received by a payor bank for credit on its books (section 4301).

> (4) The right to charge-back is not affected by either of the following:
>
> (a) Previous use of a credit given for the item.
>
> (b) Failure by any bank to exercise ordinary care with respect to the item, but a bank so failing remains liable.
>
> (5) A failure to charge-back or claim refund does not affect other rights of the bank against the customer or any other party.
>
> (6) If credit is given in dollars as the equivalent of the value of an item payable in a foreign money the dollar amount of any charge-back or refund shall be calculated on the basis of the bank-offered spot rate for the foreign money prevailing on the day when the person entitled to the charge-back or refund learns that it will not receive payment in ordinary course.

Perry's reliance on Mich. Comp. Laws § 440.4214 is misguided; the statute does not create a duty nor specify circumstances in which a bank owes a duty of ordinary care. Perry highlights subsection (4)(b), but this subsection merely states that a bank's right to charge-back any credit given for a provisional settlement is not affected by a failure to exercise ordinary care. Perry has failed to establish that Chase owed him a duty outside of the RISC.

In his Amended Complaint, Perry pleaded that Chase "owed a duty" to ensure that the $40,000 check cleared before telling Perry his loan had

- 11 -

been paid off. (Doc. 12 at PageID 68). Michigan Compiled Laws §§ 440.4202 and 440.4214 do not create this duty. Perry does not present any evidence or allegations to establish that Chase owed him such a duty under the RISC or outside the contract. As such, Perry's negligence claim fails.

### III. Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." The court shall consider several factors in determining whether to grant a motion to amend, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . . ." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.* at 458-59.

Perry filed a motion for leave to file his second amended complaint on December 4, 2017. (Doc. 22). Although his prior complaints listed different causes of action, the pleadings gave Chase notice of the allegations underlying Perry's negligent misrepresentation claim. The Court shall therefore GRANT Perry leave to file a Second Amended Complaint with a single count of negligent misrepresentation.

## IV. Conclusion

For the reasons stated above, Chase's motion for summary judgment is GRANTED and Perry's motion for leave to file a second amended complaint is GRANTED.

IT IS SO ORDERED.

Dated: May 22, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 22, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---