UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE K. PERRY,

    Plaintiff,

v.

Case No. 17-10017

HON. GEORGE CARAM STEEH

CHASE AUTO FINANCE and
J.P. MORGAN CHASE BANK, N.A.,

    Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS

On May 22, 2018, the court granted Defendants' motion for summary judgment on Plaintiff's claims of detrimental reliance, conversion, fraud, and negligence. The court permitted Plaintiff to file a second amended complaint alleging a claim of negligent misrepresentation. Defendants filed a motion to dismiss the second amended complaint on June 14, 2018, which has been fully briefed. Pursuant to LR 7.1(f)(2), the court finds that its decision in this matter will not be aided by oral argument. For the reasons explained below, Defendants' motion is granted.

- 1 -

## BACKGROUND FACTS

In his second amended complaint, Plaintiff Bruce Perry alleges one count of negligent misrepresentation against Defendants Chase Auto Finance and J.P. Morgan Chase Bank, N.A. (collectively "Chase"). Doc. 32. Perry alleges that in September 2014, he purchased a 2011 Mercedes automobile, financing it with Chase for approximately $35,000. *Id.* at ¶ 5. The terms of the parties' agreement are stated in a retail installment sales contract. By May 2016, the balance on the loan was $23,108.06. At that time, Perry agreed to sell the vehicle to a Vance Cumberland of Ohio for $40,000. *Id.* at ¶ 7. Cumberland was to deposit the $40,000 directly with Chase, paying off the auto loan and leaving approximately $16,000 for Perry. *Id.* at ¶ 7.

On May 16, 2016, Cumberland deposited a check for $40,000 with Chase to pay off Plaintiff's loan. On May 23, 2016, Chase sent a letter to Perry acknowledging the check and stating that it was releasing its lien on the vehicle. *Id.* at ¶ 9. Perry alleges that he phoned Chase on May 23 and on May 27 and "received verbal confirmation that the lien on the vehicle had been released and that he was in line for a refund." *Id.* at ¶¶ 10-11. Based upon the confirmation he received from Chase, Perry met "Vance

Cumberland" and delivered the title and keys to the Mercedes to him on May 29. *Id.* at ¶ 11.

On May 31, 2016, Perry alleges that he visited a Chase branch and received a payment confirmation letter from the manager. *Id.* at ¶ 13. Perry contends that when he called the bank to inquire about his refund on June 3, he was told that the $40,000 check had been declined. *Id.* at ¶ 14. Perry states that he released the vehicle to Cumberland in reliance upon the bank's negligent misrepresentation that the "$40,000 transaction had gone through." *Id.* at ¶ 15.

## LAW AND ANALYSIS

Defendants seek dismissal of Perry's negligent misrepresentation claim pursuant to Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal based upon the plaintiff's failure to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a

recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted).

In order to state a claim for negligent misrepresentation, a plaintiff must show that he "justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Unibar Maint. Servs. v. Saigh,* 283 Mich. App. 609, 621 (2009). Chase argues that it did not have a duty to Plaintiff independent from any duties set forth in the parties' contract. *See Rinaldo's Const. Corp. v. Michigan Bell Tel. Co.*, 454 Mich. 65, 83-86 (1997). In order to support a tort claim between contracting parties, there must be a "violation of a legal duty separate and distinct from the contractual obligation." *Id.* at 84. "[I]f a relation exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not." *Id.* (citations omitted).

In previously dismissing Plaintiff's negligence claim, the court determined that Chase did not owe Perry a duty under Michigan's Uniform Commercial Code "to ensure that the $40,000 check cleared before telling Perry his loan had been paid off." Doc. 31 at 11-12. The court permitted Plaintiff an opportunity to amend his complaint to state a negligent

misrepresentation claim and, by implication, to identify a duty supporting such a claim.

In support of his negligent misrepresentation theory, Plaintiff argues that Chase has a duty based upon an "undertaking" – it "voluntarily undertook" the task of informing Perry that the payment had been received and that Chase released its lien. Plaintiff relies upon *Sexton v. American Aggregates*, 60 Mich. App. 524 (1975), for the proposition that "having chosen to act and chosen to warn, defendant had the duty to use reasonable care in the exercise of those actions." *Id.* at 530. *Sexton* is not applicable here, however, because it considers a person's liability to *third parties for physical harm* when the person undertakes to render services to another. *See id.* ("One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a *third person* or his things, is subject to liability to the third person for *physical harm* resulting from his failure to exercise reasonable care to protect his undertaking.") (quoting Restatement (Second) of Torts § 324A (1965)). *See also Smith v. Allendale Mut. Ins. Co.*, 410 Mich. 685 (1981) ("It is not enough that the [defendant] acted. It must have undertaken to render services to another. Its acts do not constitute such an

undertaking unless it agreed or intended to benefit the [third party by the acts].").

Here, there is no allegation that Chase undertook to render services to benefit a third party or that a third party suffered physical harm. Rather, Perry alleges that he suffered economic losses as a result of negligent misrepresentations related to the parties' direct contractual relationship. Although "[g]enerally speaking, there is a duty to exercise reasonable care in how one acts to avoid physical harm to persons and tangible things. . . . This duty . . . does not extend to "intangible economic losses." *Rinaldo's*, 454 Mich. at 84 (citation omitted). For such losses, the "manifested intent of the parties should ordinarily control the nature and extent of the obligations of the parties." *Id.* (citation omitted).

Aside from any contractual duty, Perry has not identified a duty on Chase's part "of due care in communicating to Plaintiff whether the check deposited by Plaintiff had 'cleared'" or whether Plaintiff's debt was paid.[1] *See* Second Amend. Compl. at ¶ 17. Although there is no reported Michigan case on point, an unreported case from the Michigan Court of

---

[1] The Second Amended Complaint identifies the source of this duty as Michigan common law and Michigan's Uniform Commercial Code, M.C.L. 440.4202 and 440.4214. The court has already ruled that these statutory provisions do not create such a duty. Doc. 31 at 11-12. Plaintiff has not pressed this argument in his response brief.

Appeals held that a "bank's statement regarding the status of a check does not shift liability from the customer to the bank if the check is later dishonored." *Wesseling & Brackmann v. Huntington Bancshares Financial Corp.*, 2018 WL 1176334 (Mich. App. Mar. 6, 2018). In *Wesseling*, a law firm received a counterfeit check from a purported client and deposited it in its trust account. A few days later, the firm called the bank to determine the status of the check and was told that the check had "cleared" and "you're good to go." *Id.* at *1. Based upon this response, the law firm initiated a wire transfer of the funds. Subsequently, the law firm learned that the check had been dishonored and it lost $58,000. The firm filed suit against the bank, alleging that it should be liable because it falsely represented that the check had cleared. In finding that the law firm had no cause of action, the Michigan Court of Appeals noted that UCC places the risk of loss for a counterfeit check on the depositor, not the bank. The court "reasoned that a bank manager's statements that the check had cleared, and subsequent actions to lift a hold on funds, 'did not absolve [the defendant customer] of [its] threshold duty not to deposit a fraudulent check.'" *Id.* at *3 (citation omitted).

Similarly, other jurisdictions have found that a depositor of a fraudulent check does not have a cause of action for negligent

misrepresentation against a bank that mistakenly informs the depositor that the check has "cleared." *See Greenberg, Trager & Herbst, LLP v. HSBC Bank USA,* 17 N.Y.3d 565 (2011) ("[A]n arm's length borrower-lender relationship . . . does not support a cause of action for negligent misrepresentation" and the "UCC is clear that, until there is final settlement of the check, the risk of loss lies with the depositor"); *Dixon, Laukitis, and Downing v. Busey Bank*, 993 N.E. 2d 580, 587 (Ill. App. 2013) ("[T]here is no duty under the common law to inspect a check for genuineness or to remind customers that they bear the risk of loss before a deposited check is finally settled.").

Under the circumstances, Perry has not demonstrated that Chase owed him a duty of care that would support a negligent misrepresentation claim. Accordingly, the court will grant Chase's motion to dismiss Perry's second amended complaint.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiff's second amended complaint (Doc. 33) is GRANTED.

Dated: November 15, 2018

                                   s/George Caram Steeh
                                   GEORGE CARAM STEEH
                                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 15, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk